**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE GUIDANT CORPORATION | ) | |
| SECURITIES LITIGATION | ) | Master File No. 1:05- CV-01658-SEB-WTL |
| | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION**
**FOR A PARTIAL LIFTING OF THE PSLRA DISCOVERY STAY**

# TABLE OF CONTENTS

**<u>Page</u>**

INTRODUCTION ................................................................................................. 1

BACKGROUND AND STATEMENT OF RELEVANT FACTS ................................ 3

ARGUMENT ....................................................................................................... 4

I.     THE DISCOVERY STAY WAS INTENDED TO PREVENT PLAINTIFFS
       FROM GAINING ACCESS TO DISCOVERY BEFORE THE COURT HAS
       DETERMINED THE SUFFICIENCY OF THE COMPLAINT ....................................... 4

II.    PLAINTIFFS FAIL TO SHOW THE DISCOVERY STAY IMPOSES UNDUE
       PREJUDICE IN THIS CASE ............................................................................. 6

III.   THE PRODUCTION OF DOCUMENTS TO GOVERNMENT ENTITIES IS
       NOT SUFFICIENT TO LIFT THE DISCOVERY STAY ............................................. 10

IV.    THE BURDEN (OR LACK THEREOF) ON DEFENDANTS IS IRRELEVANT ......... 13

CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Angell Invs., LLC v. Purizer Corp.*, No. 01 C 6359, 2001 WL 1345996 (N.D. Ill. Oct. 31, 2001) ...................................................................................................8

*Hallberg v. American Agencies Gen. Agencies, Inc.*, No. 04 C 3245, 2005 WL 563211 (N.D. Ill. Mar. 8, 2005) .........................................................................5

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 1500, 02 Civ. 5575, 2003 WL 21729842 (S.D.N.Y. July 25, 2003) ..............................................9, 11

*In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260 (N.D. Okla. 2001) ...........................7

*In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000)....................................4

*In re Cree, Inc., Sec. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004) ......................................................6

*In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865, 2004 WL 1303638 (S.D.N.Y. May 18, 2004) ................................................................................................10

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. H-01-3524, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ....................................................................11

*In re FirstEnergy Corp. Sec. Litig.*, No. 5:03-CV-1684, slip op. (N.D. Ohio Jan. 26, 2004)..............................................................................................12, 13

*In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*, No. 1:04CV00416, slip op. (M.D.N.C. Apr. 18, 2005).........................................................................................11

*In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004) ............................................12

*In re Lantronix, Inc. Sec. Litig.*, No. CV 02-03899, 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003)..............................................................................................9, 11

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001) .........................5

*In re Odyssey Healthcare, Inc. Sec. Litig.*, No. 3:04-CV-0844, 2005 WL 1539229 (N.D. Tex. June 10, 2005)................................................................... *passim*

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004) ..............................12

*In re Tyco Int'l Multidistrict Litig. Ltd.*, No. MDL No. 02-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003)......................................................................12, 13

*In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003) ........................11

*In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) ....................................11

*Medhekar v. United States Dist. Ct.*, 99 F.3d 325 (9th Cir. 1996)............................................5, 8

*Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y. 2003)..........................10

*Sarantakis v. Gruttaduaria*, No. 02 C 1609, 2002 WL 1803750 (N.D. Ill. Aug. 5, 2002) ...........................................................................................................................13

*Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120, 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ...........................................................................................4, 10

*SG Cowen Sec.  Corp. v. United States Dist. Ct.*, 189 F.3d 909 (9th Cir. 1999) ...........................7

*Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003) ...........................................................................................................................12

*Taft v. Ackermans*, No. 02 Civ. 7951, 2005 WL 850916 (S.D.N.Y. Apr. 13, 2005)................9, 11

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001)...................13

*Vacold LLC v. Cermani*, No. 00 CIV. 4024, 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) .....................................................................................................................13

## STATUTES

15 U.S.C. § 78u-4(b)(3)(B)..................................................................................... *passim*

## LEGISLATIVE HISTORY

141 Cong. Rec. S19060 (1995)....................................................................................5

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730..................4, 5, 6, 13

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 .......................5, 7, 13

BDDB01 4380009v1

Defendants respectfully submit this memorandum in opposition to plaintiffs' motion for a partial lifting of the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or the "Reform Act").

## INTRODUCTION

This is a securities class action governed by the Reform Act.  The Reform Act mandates that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  Under this provision, plaintiffs in private securities actions must first plead an actionable claim *before* they may begin discovery.  Exceptions to the discovery stay are permitted only in "exceptional circumstances" upon a showing by the party seeking to lift the stay that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  *Id*.  Plaintiffs fail to demonstrate the "exceptional circumstances" and "undue prejudice" required to lift the discovery stay in this case.

Plaintiffs' primary argument for lifting the stay is that government agencies are investigating Guidant.  Plaintiffs contend discovery should be allowed "[w]here a strong inference of wrongdoing is apparent," "the government is conducting a parallel investigation that is similar in scope to [the] securities lawsuit," and defendants have produced documents and information to the government in connection with that investigation.  Pl. Mem. at 7.[1]  This assertion finds no support in the text or purpose of the statute.  The discovery stay applies uniformly to all cases until a complaint survives a motion to dismiss.  Congress made no exception for cases "[w]here a strong inference of wrongdoing is apparent," an assertion that has yet to be tested here by a motion to dismiss.  Nor did Congress include an exception for cases where government investigations are underway and documents have already been produced. Instead, Congress required a showing by the party seeking to lift the stay (in this case, plaintiffs) that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice."

---

[1] Citations to "Pl. Mem." are to Lead Plaintiffs' Memorandum and Brief in Support of Motion for a Partial Lifting of the PSLRA Discovery Stay.

BDDB01 4380009v1

15 U.S.C. § 78u-4(b)(3)(B).  In the absence of this showing, the denial of a motion to dismiss remains a condition precedent to discovery under the plain language of the statute.

Here, plaintiffs have not alleged that the stay should be lifted to preserve evidence, nor have they articulated any prejudice beyond that which is inherent in the fact that the Reform Act imposes a stay of discovery.  Plaintiffs claim they will suffer "undue prejudice" without the requested discovery because they "will be unable to make informed decisions about their litigation strategy in this shifting and rapidly changing landscape."  Pl. Mem. at 10.  But the only "litigation strategy" they face at this stage of the case is how to plead an actionable claim for securities fraud without the benefit of discovery.  This cannot be "undue" prejudice within the meaning of the statute, because Congress clearly intended to impose this type of "prejudice" on all plaintiffs in all private securities actions when it enacted the Reform Act.  Thus, plaintiffs' perceived inability to make informed decisions about their "litigation strategy" does not constitute an "exceptional circumstance" that would justify a partial lifting of the Reform Act's discovery stay.

Plaintiffs' contention that they "will not be able to engage in any meaningful settlement talks" (Pl. Mem. at 10) is equally unavailing.  Again, this so-called "prejudice" is nothing different from that which confronts every plaintiff in every private securities class action, and was plainly intended by Congress when it included the discovery stay in the Reform Act.  Indeed, if potential (and speculative) impact on settlement constitutes "undue prejudice," the discovery stay would be effectively eviscerated.  In any event, there are no ongoing settlement discussions in this case, and nothing would prevent plaintiffs from seeking voluntary discovery from Defendants in the course of any future settlement talks.

The statute is clear:  plaintiffs are required to plead a cause of action and survive a motion to dismiss prior to any discovery.  The statutory exceptions to the discovery stay are very limited.  Because plaintiffs have not demonstrated that particularized discovery is necessary to preserve evidence or to prevent undue prejudice, their motion to lift the discovery stay should be denied.  This is the only outcome consistent with the Reform Act's language and intent.

BDDB01 4380009v1

## BACKGROUND AND STATEMENT OF RELEVANT FACTS

Guidant is an Indiana corporation.   The Company and its subsidiaries have developed, manufactured, and distributed implantable medical devices, including stents, defibrillators, and pacemakers.  Plaintiffs purport to be Guidant shareholders.

Between November 3, 2005 and January 3, 2006, plaintiffs filed five class action complaints against Guidant and certain of the Company's directors and officers.  The complaints allege the Defendants made false and misleading statements about Guidant's implantable heart defibrillator business and the Company's potential merger with Johnson & Johnson during the period December 1, 2004 through November 3, 2005 (the "Class Period").  The complaints assert causes of action for violations of the federal securities laws.

On March 16, 2006, this Court consolidated these actions and instructed plaintiffs to file a consolidated complaint "as promptly as possible."  Schaibley Ex. A.[2]  On March 31, plaintiffs filed this motion to have the mandatory stay lifted.  Plaintiffs seek to have Defendants produce "those documents, transcripts of testimony, and other materials that have been produced or are being produced to (1) governmental entities investigating the allegations similar to and contained in this case including, but not limited to:  the FDA, the SEC, the U.S. Department of Justice, and the New York State Attorney General; and (2) those documents, transcripts of testimony and materials already produced or being produced in *Motal vs. Guidant*, Cause No. 0503377000-C, pending in the 94th District Court of Nueces County, Texas."  Pl. Mem. at 1-2.  For the reasons discussed below, Defendants respectfully submit that plaintiffs' motion should be denied.

---

[2] Citations to "Schaibley Ex. __" are to exhibits attached to the Declaration of John R. Schaibley, III, filed herewith.

## ARGUMENT

**I.    THE DISCOVERY STAY WAS INTENDED TO PREVENT PLAINTIFFS FROM GAINING ACCESS TO DISCOVERY BEFORE THE COURT HAS DETERMINED THE SUFFICIENCY OF THE COMPLAINT**

Congress passed the Reform Act to address "significant evidence of abuse in private securities lawsuits." H.R. CONF. REP. NO. 104-369, at 31 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ("Conf. Rep."). One of the changes enacted was a mandatory stay of discovery. Specifically, the Reform Act provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).[3] The discovery stay was intended to address two perceived abuses arising out of discovery in private securities actions.

Plaintiffs correctly note that one reason for the Reform Act's discovery stay was to relieve the defendants of the burden, in terms of cost and time devoted by key employees, of discovery. Pl. Mem. at 2; *see also* Conf. Rep. at 31 (observing that "[t]he cost of discovery often forces innocent parties to settle frivolous securities class actions."). The stay provisions reform "discovery rules to minimize costs incurred during the pendency of a motion to dismiss or a motion for summary judgment." Conf. Rep. at 32, 37.

However, plaintiffs fail to address the second reason for the discovery stay. Specifically, the stay is intended to ensure plaintiffs satisfy the Reform Act's heightened pleading standards

---

[3] The term "pendency" does not require that a motion to dismiss be filed prior to staying discovery. Rather, the stay applies automatically and remains in place until the defendant has an opportunity to test the sufficiency of the complaint with a motion to dismiss. *See, e.g.*, *Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120, 2005 WL 2647945, at *2 (S.D.N.Y. Oct. 14, 2005) (stay applies when an initial motion to dismiss is contemplated, but has not yet been filed); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000) ("Until the opportunity to test the sufficiency of the complaint has passed, the congressional intent is clear - no discovery should commence."). Here, Defendants have not yet had an opportunity to test the sufficiency of the complaint because plaintiffs have not yet filed a consolidated complaint or otherwise designated an operative complaint. By stipulation and order, plaintiffs will file a consolidated complaint or otherwise designate an operative complaint by May 30, 2006. Schaibley Ex. B.

-4-

*before* they have access to information or records in discovery.  *See* S. REP. NO. 104-98, at 14

(1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ("S. Rep.") ("[D]iscovery should be permitted in

securities class actions only after the court has sustained the legal sufficiency of the complaint").

Congress passed the Reform Act, in part, to eliminate "the routine filing of lawsuits against

issuers of securities and others . . . with only faint hope that the discovery process might lead

eventually to some plausible cause of action."  Conf. Rep. at 31; *see also* S. Rep. at 14 (the

discovery stay was designed to prevent plaintiffs from using securities claims as a vehicle "to

conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint"); 141

CONG. REC. S19060, S19065 (1995) (statement of Sen. Faircloth) (Before the Reform Act, "once

a lawyer files a frivolous lawsuit, with little or no facts, he gets the ability to engage in

discovery. . . . He does not have to have anything when he starts.  He gets it after he files his

suit.").  Thus, "Congress clearly intended that complaints in these securities actions should stand

or fall based on the actual knowledge of the plaintiffs rather than information produced by the

defendants after the action has been filed."  *Medhekar v. United States Dist. Ct.*, 99 F.3d 325,

328 (9th Cir. 1996).[4]

      Consistent with requiring plaintiffs to plead an actionable cause of action prior to access

to any discovery, the Reform Act provides very limited exceptions to the discovery stay only

when necessary to preserve evidence or to prevent undue prejudice.  *See* 15 U.S.C. § 78u-

4(b)(3)(B).  As explained in the Conference Report,

> courts must stay all discovery pending a ruling on a motion to dismiss, unless
> *exceptional circumstances* exist where particularized discovery is necessary to

---

[4] *See also Hallberg v. American Agencies Gen. Agencies, Inc.*, No. 04 C 3245, 2005 WL
563211, at *5 n.7 (N.D. Ill. Mar. 8, 2005) ("Plaintiffs contend that they should not have to make
specific allegations, but instead should just move on to discovery. . . . This assertion is seriously
misplaced.  The PSLRA presumptively requires a stay of discovery, a requirement that precedent
teaches was imposed by Congress specifically to deter the practice that Plaintiffs suggest."); *In
re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 423 (S.D.N.Y. 2001) ("Manifest in
the 1995 Reform Act is the mandate that courts assess the legal sufficiency of plaintiffs'
securities fraud allegations according to what plaintiffs know at the time the complaint is filed,
rather than what they wish to learn through discovery and recover from defendants merely by
reason of commencing an action charging fraud.").

> preserve evidence or to prevent undue prejudice to a party.  For example, the
> terminal illness of an important witness might require the deposition of the
> witness prior to the ruling on the motion to dismiss.

Conf. Rep. at 37 (emphasis added).  Notably, Congress made no exception for cases "[w]here a strong inference of wrongdoing is apparent" (Pl. Mem. at 7), an assertion that has yet to be tested here by a motion to dismiss.  Nor did Congress include an exception for situations in which the government is conducting an investigation or where the burden of discovery is low.

As the moving party, plaintiffs bear the burden of establishing the "exceptional circumstances" that would justify a partial lifting of the stay.  *See, e.g.*, *In re Odyssey Healthcare, Inc. Sec. Litig.*, No. 3:04-CV-0844, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) ("[I]t is the burden of any plaintiff seeking an exception to the stay to explain why, given the particular circumstances of the instant case, its litigation position would be materially harmed if discovery were delayed until after it had withstood a motion to dismiss").  "'[W]holly speculative assertions as to the risk of lost evidence and undue prejudice' will not satisfy the standard."  *In re Cree, Inc., Sec. Litig.*, 220 F.R.D. 443, 447 (M.D.N.C. 2004) (citation omitted).

Here, plaintiffs have not alleged that the stay should be lifted to preserve evidence.  Thus, the only issue before this Court is whether the requested discovery is necessary to prevent undue prejudice to plaintiffs.  As discussed more fully below, plaintiffs have not demonstrated the exceptional circumstances the Reform Act requires.  Accordingly, the statutory requirements of the Reform Act mandate that plaintiffs' motion be denied in its entirety.

## II.   PLAINTIFFS FAIL TO SHOW THE DISCOVERY STAY IMPOSES UNDUE PREJUDICE IN THIS CASE

Plaintiffs contend they will be unduly prejudiced without discovery because (1) they "will be unable to make informed decisions about their litigation strategy in this shifting and rapidly changing landscape;" (2) they will be "the only interested party in these civil proceedings without access to the core documents in the various government investigations;" and (3) they "will not be able to engage in any meaningful settlement talks."  Pl. Mem. at 10.  These assertions do not even remotely approach the "undue prejudice" required by the Reform Act, and

plaintiffs therefore do not make the showing necessary to support the extraordinary relief they seek.

The undue prejudice exception to the discovery stay contemplates only "exceptional circumstances" that would justify lifting the automatic stay of discovery. *See SG Cowen Sec. Corp. v. United States Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999) (granting writ of mandamus and vacating district court's ruling lifting discovery stay where plaintiff did not demonstrate "exceptional circumstances"). It is self evident that harm or disadvantage inherent in the stay itself cannot constitute an "exceptional circumstance." *See In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001). As the court in *Odyssey Healthcare* explained,

> [I]t is the burden of any plaintiff seeking an exception to the stay to explain why, given the particular factual circumstances of the instant case, its litigation position would be materially harmed if discovery were delayed until after it had withstood a motion to dismiss. Because the exception only covers 'undue' prejudice, this harm cannot consist of disadvantage that is inherent in the stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived.

2005 WL 1539229, at *2; *see also SG Cowen*, 189 F.3d at 913 ("[F]ailure to muster facts sufficient to meet the [Reform] Act's pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay"); *CFS*, 179 F. Supp. 2d at 1265 ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair. Rather, it is prejudice which has been mandated by Congress"). Here, plaintiffs have not demonstrated that they are faced with a type or degree of "prejudice" distinct from that inherent in all stays of discovery under the Reform Act.

First, plaintiffs claim they need discovery to make informed decisions about their "litigation strategy." Pl. Mem. at 10. But the only "litigation strategy" they face at this stage of the case is how to plead an actionable claim for securities fraud without the benefit of pretrial discovery. Any "prejudice" plaintiffs may experience in this task (*i.e.*, the difficulty of meeting the Reform Act's heightened pleading standards) is expressly part of the Reform Act. *See* S. Rep. at 14 ("[D]iscovery should be permitted in securities class actions only after the court has

sustained the legal sufficiency of the complaint").  It is exactly the type of "prejudice" Congress intended to impose on all plaintiffs in all private securities actions; such prejudice cannot be "undue" within the meaning of the statute.  *See Medhekar*, 99 F.3d at 328 ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.").  Thus, because plaintiffs' situation is no different from the situation faced by every plaintiff in every securities lawsuit, their perceived inability to make informed decisions about their "litigation strategy" cannot constitute an "exceptional circumstance" that would justify lifting the discovery stay.  *See Odyssey Healthcare*, 2005 WL 1539229, at *2 (rejecting "amorphous notion" that securities plaintiffs suffer "undue prejudice" when they have "a perceived inability to make informed decisions about litigation strategy").

Plaintiffs' second contention, that they are "the only interested party in these civil proceedings without access to the core documents" (Pl. Mem. at 10), is equally unavailing.  This fact cannot constitute "undue prejudice."  If Congress intended private plaintiffs under the Reform Act to have access to the same documents as the government, Congress would have made this an express exception to the discovery stay statute.  It did not.  Moreover, plaintiffs do not explain how this puts them in a worse situation than if there were no government investigations and they merely faced the disadvantages inherent in the discovery stay.  *See Odyssey Healthcare*, 2005 WL 1539229, at *1-2 (denying motion to lift the discovery stay; fact that discovery plaintiffs sought was already in the hands of the DOJ did not put plaintiffs "in a worse situation than would obtain if there were no government investigation"); *Angell Invs., LLC v. Purizer Corp.*, No. 01 C 6359, 2001 WL 1345996, at *1 (N.D. Ill. Oct. 31, 2001) (fact that defendant obtained discovery in a related proceeding did not cause undue prejudice; "[p]laintiffs characterize this situation as prejudicial to them, but fail to explain how [defendant's] head start of approximately one month would harm them").  In other words, plaintiffs have not shown they will suffer any "prejudice" beyond that faced by all plaintiffs in all private securities actions.  Consequently, they have not met their burden of showing "that exceptional circumstances are

-8-

present in this case requiring production of documents previously produced to various government agencies." *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 1500, 02 Civ. 5575, 2003 WL 21729842, at *2 (S.D.N.Y. July 25, 2003).[5]

Plaintiffs' third assertion, that they "will not be able to engage in any meaningful settlement talks" (Pl. Mem. at 10), also fails.  Again, this concern (*i.e.*, alleged harm to settlement negotiations) is present in all securities cases in which the Reform Act's discovery stay is triggered.  It simply cannot constitute the "exceptional circumstances" required to lift the discovery stay.  If it did, the discovery stay would be rendered effectively meaningless, since settlement discussions are possible at all stages of a case, including before motions to dismiss are decided.

In any event, plaintiffs' concerns about settlement are speculative.  Defendants are not engaged in settlement discussions with plaintiffs or any other party in any related action.  Plaintiffs therefore cannot articulate any actual harm, instead only speculating that there might be some in settlement talks *in the future*.  *See Taft v. Ackermans*, No. 02 Civ. 7951, 2005 WL 850916, at *7 (S.D.N.Y. Apr. 13, 2005) (no undue prejudice where "[c]lass [p]laintiffs have provided no evidence that any settlement talks . . . actually are underway").  If there are settlement talks in the future, plaintiffs' concerns can (and presumably will) be addressed during negotiations, by means of informal requests for information.  At this point in the litigation, however, "assertions of an impending settlement that could prejudice plaintiffs' possible recovery are premature."  *AOL*, 2003 WL 21729842, at *1 (denying motion to lift discovery stay; no undue prejudice); *see also In re Lantronix, Inc. Sec. Litig.*, No. CV 02-03899, 2003 WL

---

[5] Plaintiffs' second contention is also inaccurate.  They are ***not*** "the only interested party in these civil proceedings without access to the core documents."  The plaintiffs in *Harzewski v. Guidant*, Case No. 1:05-cv-01009-LJM-TAB, a civil action pending in this Court against Guidant and certain of its directors for alleged breaches of fiduciary duty under the Employment Retirement Income Security Act ("ERISA"), assert allegations that track those in the instant proceedings.  Those plaintiffs have not obtained discovery from Guidant either.

22462393, at *2 (C.D. Cal. Sept. 26, 2003) ("Plaintiff here makes no showing of how the discovery materials sought are necessary at this moment to effectuate a settlement in this case").[6]

## III.   THE PRODUCTION OF DOCUMENTS TO GOVERNMENT ENTITIES IS NOT SUFFICIENT TO LIFT THE DISCOVERY STAY

Perhaps realizing they cannot show the "undue prejudice" required by the statute, plaintiffs argue that courts "routinely" lift the discovery stay in cases where defendants have already produced documents to government entities or other private litigants.  Pl. Mem. at 7. This assertion finds no support in the text or purpose of the Reform Act or in the case law.  As noted previously, the discovery stay applies uniformly to all cases until a complaint survives a motion to dismiss.  There is no exception for materials produced in other litigation or investigations.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In ***any*** private action arising under this chapter, ***all*** discovery and other proceedings ***shall*** be stayed during the pendency of any motion to dismiss . . . ") (emphasis added); *see also In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) ("[T]he statute does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation"); *Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) ("Plaintiff has cited no authority for such a categorical exception to the PSLRA's discovery stay provision.").  Moreover, numerous courts have held that the production of documents to government entities is not, in and of itself, an "exceptional circumstance" that would justify lifting the discovery stay.  *See, e.g.*, *Sedona*, 2005 WL 2647945, at *4 ("Nor does the fact that some of the documents that Plaintiffs seeks have been produced to the government justify lifting the PSLRA's automatic discovery stay"); *Odyssey Healthcare*, 2005 WL 1539229, at *2 (fact that documents had been produced to government agency did not satisfy "undue prejudice"

---

[6] The fact that Defendants are not involved in settlement discussions (global or otherwise) with any party also refutes plaintiffs' conclusory (and repeated) assertion that this a "fast-moving" and "rapidly changing" case.  Pl. Mem. at 7-13.  Plaintiffs cannot explain how they would be "left behind" if, pursuant to the Reform Act, discovery were delayed until after Defendants have had an opportunity to test the sufficiency of the complaint with a motion to dismiss.

-10-

requirement); *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*, No. 1:04CV00416, slip op. at 4 (M.D.N.C. Apr. 18, 2005) (denying request for documents produced to third parties; "Lead Plaintiffs have not made a sufficient showing that lifting the stay is necessary to preserve evidence or that they will suffer undue prejudice by delaying discovery") (Schaibley Ex. C).[7] Indeed, in the cases upon which plaintiffs' rely, the court specifically found the existence of extraordinary circumstances beyond the mere production of documents to government entities.

For instance, the two main authorities relied upon by plaintiffs, *WorldCom* and *Enron*, apart from being the most notorious corporate frauds, contain distinct and atypical circumstances not present in this action.  In *WorldCom*, the court lifted the discovery stay after the defendant filed for bankruptcy so the securities plaintiffs could engage in discovery prior to court-ordered settlement discussions, discussions in which all the other participants would have had some access to discovery.  *See In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 304-305 (S.D.N.Y. 2002).  In *Enron*, the court lifted the stay for a bankrupt defendant that admittedly engaged in massive document shredding.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. H-01-3524, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002).  Notably, several recent decisions have specifically distinguished *WorldCom* and *Enron* because of the "distinct circumstances" of those cases.  *See AOL*, 2003 WL 21729842, at *1 (noting that the "distinct circumstances present in those cases are not applicable to the current procedural posture of this matter"); *see also Odyssey Healthcare*, 2005 WL 1539229, at *2 (refusing to lift the discovery stay in the absence of court-ordered settlement negotiations or bankruptcy proceedings); *Taft*, 2005 WL 850916, at *7 (same).  The unique circumstances present in *WorldCom* and *Enron* are not present in this case.  Defendants have not filed for bankruptcy, they are not involved in any

---

[7] *See also Lantronix*, 2003 WL 22462393, at *2 (denying plaintiffs' request for all documents produced to third parties because plaintiff failed to establish "need to preserve evidence or undue prejudice required to justify the lifting of the PSLRA's discovery stay"); *AOL*, 2003 WL 21729842, at *1-2 (no "exceptional circumstances" warranting discovery of materials produced to government agencies); *In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130-131 (S.D.N.Y. 2003) (denying motion to lift discovery stay; defendants' production of documents to government agencies was not an "exceptional circumstance").

settlement discussions (global or otherwise), and they have not engaged in document shredding.[8]
Accordingly, these cases are simply inapposite to this matter.

The same is true of the other cases cited by plaintiffs. For example, in *Royal Ahold*, the
defendant company admitted "major missteps, if not actual fraud." *In re Royal Ahold N.V. Sec.
& ERISA Litig.*, 220 F.R.D. 246, 248, 251 (D. Md. 2004). The court noted that it had urged the
parties to quickly proceed to settlement because the company was divesting itself of key
subsidiaries that were central participants in the admitted wrongdoing and these "aggressive
divestitures . . . create[d] a risk that delay may limit recovery or hinder production of evidence."
*Id*. at 252. As for *LaBranche*, the court in that case held that plaintiffs would be unduly
prejudiced if the stay was not lifted because there was already an *actual* settlement in a related
action, and plaintiffs were due to participate in impending settlement negotiations in the
securities action. *See In re LaBranche Sec. Litig*., 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004).
Similarly, in *Singer*, settlement negotiations in the securities action were imminent because a
state agency had already recommended a civil fine of $27 million against the defendant company
in connection with an investigation of the same conduct. *See Singer v. Nicor, Inc.*, No. 02 C
5168, 2003 WL 22013905, at *1 (N.D. Ill. Apr. 23, 2003). Again, none of these factors are
present in this case. Defendants have not admitted any wrongdoing in connection with the
Company's implantable heart defibrillator business and there are no settlement discussions
planned or even contemplated with any party. The absence of these circumstances completely
undermines plaintiffs' assertion that they will suffer "undue prejudice" without the requested
discovery in this case.[9]

---

[8] Indeed, not only have Defendants not filed for bankruptcy, but Guidant was recently the
object of an intense bidding contest between Johnson & Johnson and Boston Scientific. Boston
Scientific eventually agreed to purchase Guidant for approximately $27 billion (*see* Schaibley
Ex. E), approximately $2.5 billion *more* than what Johnson & Johnson offered for Guidant in
December 2004. *See* Pl. Mem. at 4.

[9] In *In re FirstEnergy Corp. Securities Litigation*, No. 5:03-CV-1684, slip op. (N.D. Ohio
Jan. 26, 2004) (Schaibley Ex. E) and *In re Tyco International Multidistrict Litigation Ltd.*, No.
MDL No. 02-1335, 2003 WL 23830479 (D.N.H. Jan. 29, 2003), the court lifted the discovery
(continued...)

## IV.   THE BURDEN (OR LACK THEREOF) ON DEFENDANTS IS IRRELEVANT

Finally, plaintiffs assert that Defendants should be required to produce the requested discovery because it will not impose an "additional burden" on Defendants because the documents already have been produced to the government or in other cases.  Pl. Mem. at 13-14 (citing *Vacold LLC v. Cermani*, No. 00 CIV. 4024, 2001 WL 167704, at *6-7 (S.D.N.Y. Feb. 16, 2001) and *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001)).  Whether there is an additional or significant burden on Defendants is irrelevant.  The lack of burden is not an exception to the statutory discovery stay.  Judicially creating such an exception would not only defy a clear congressional command, but would create an exception that would swallow the rule.  There are frequently other cases or government investigations pending when purported securities actions are filed.  Permitting plaintiffs to lift the stay due to such other actions would render hollow the stay protection.  It is plaintiffs who need to demonstrate that they will suffer undue prejudice if the stay is not lifted.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  The lack of burden on Defendants plainly does not create "prejudice" to plaintiffs. *See Sarantakis v. Gruttaduaria*, No. 02 C 1609, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002) ("[P]laintiffs' argument that lifting the stay will not prejudice the defendants is irrelevant and does not relieve the plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted").

---

(...continued from previous page)
stay and allowed plaintiffs to obtain documents defendants had produced to government agencies.  In those cases, the court did not find any "exceptional circumstances" other than the fact that defendants had already produced documents to the government.  Defendants respectfully submit that those cases were wrongly decided.  In *FirstEnergy* and *Tyco*, the court ignored the plain language of the Reform Act.  As noted previously, Congress did not include an exception in the Reform Act for cases where government investigations are underway and documents have already been produced.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  Moreover, in those cases, the court viewed the Reform Act as a device intended only to defer the cost of discovery. *See FirstEnergy*, slip op. at 7; *Tyco*, 2003 WL 23830479, at *3-4.  The court in those cases did not address the second reason for the discovery stay:  to ensure plaintiffs satisfy the Reform Act's heightened pleading standards *before* they have access to information or records in discovery.  *See* Conf. Rep. at 31; S. Rep. at 14.

## CONCLUSION

The statute is clear.  The discovery stay can only be lifted if plaintiffs demonstrate that they will suffer "undue prejudice."  They have not done so.  Defendants therefore respectfully request that the Court deny plaintiffs' motion.


Dated:  April 17, 2006                         Respectfully submitted,


    /s/John R. Schaibley, III
James H. Ham, III
John R. Schaibley, III
BAKER & DANIELS
Suite 2700
300 North Meridian Street
Indianapolis, IN  46204
Telephone:     317/237-0300
Facsimile:     317/237-1000
E-mail:  jhham@bakerd.com
E-mail:  jrschaib@bakerd.com

Boris Feldman
Nina F. Locker
Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304
Telephone:     (650) 943-9300
Facsimile:     (650) 565-5100
E-mail:  boris.feldman@wsgr.com
E-mail:  nlocker@wsgr.com
E-mail:  keggleton@wsgr.com

Meredith E. Kotler
WILSON SONSINI GOODRICH & ROSATI
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone:     (212) 999-5800
Facsimile:     (212) 999-5899
E-mail:  mkotler@wsgr.com

Attorneys for Defendants

BDDB01 4380009v1

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
COHEN & MALAD, LLP
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
sgilchrist@cohenandmalad.com

Geoffrey M. Johnson
David R. Scott
Arthur L. Shingler
Denise Zamore
SCOTT + SCOTT LLC
gjohnson@scott-scott.com
drscott@scott-scott.com
ashingler@scott-scott.com
dzamore@scott-scott.com

Elton Joe Kendall
Willie C. Briscoe
PROVOST & UMPHREY LAW FIRM LLP
jkendall@provostumphrey.com
wbriscoe@provostumphrey.com

s/ John R. Schaibley, III
John R. Schaibley, III
James H. Ham, III
BAKER & DANIELS LLP
Suite 2700
300 North Meridian Street
Indianapolis, IN  46204
Telephone:      317/237-0300
Facsimile:      317/237-1000
E-mail:  jrschaib@bakerd.com
E-mail:  jhham@bakerd.com

BDDB01 4380009v1