UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| _____) <br> ) <br> IN RE: GUIDANT CORPORATION ) <br> SECURITIES LITIGATION ) <br> _____) <br> ) | Master File No. <br> 1:05-cv-1658-SEB-WTL |

**ENTRY DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT AND
PERMIT FILING OF AN AMENDED CONSOLIDATED COMPLAINT**

This cause comes before the Court on the Motion to Amend Judgment and Permit Filing of an Amended Consolidated Complaint [Docket No. 112] filed by Plaintiffs in this securities litigation. Plaintiffs filed this motion on March 13, 2008, following our February 27, 2008 Order Granting Defendants' Motion to Dismiss and accompanying entry of final judgment. In the instant motion, Plaintiffs seek amendment of that order of judgment pursuant to Federal Rule of Civil Procedure 59(e), and the opportunity to amend their Consolidated Complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons detailed in this entry, we <u>DENY</u> Plaintiffs' motion.[1]

*Factual and Procedural Background*

Plaintiffs represent a putative class of purchasers of Guidant common stock during a given period. In their Corrected Consolidated Amended Complaint, filed on June 8,

---

[1] Based upon the facts and circumstances currently before us, the presentation of oral argument is unnecessary, and Plaintiffs' request for oral argument [Docket No. 115] is thus also <u>DENIED</u>.

2006, Plaintiffs alleged that Defendants – Guidant Corporation ("Guidant") and several officers and directors thereof – made false and/or misleading statements regarding the integrity of certain Guidant products and the company's then-pending merger negotiations with Johnson & Johnson, while selling off nearly $89 million in their own Guidant stock shares.  Plaintiffs asserted that Defendants' actions violated the Securities Exchange Act of 1934 by artificially inflating Guidant's stock price over the class period.

On August 15, 2006, Defendants moved to dismiss Plaintiffs' complaint; following extensive briefing, including several submissions of supplemental memoranda by both sets of parties, we granted Defendants' motion [Docket No. 110] and entered final judgment in their favor [Docket No. 111] on February 27, 2008.  In our entry, we held that the complaint failed to identify with sufficient particularity false or misleading affirmative statements made by Defendants, and further that Plaintiffs had not pled particularized facts creating the requisite strong inference of scienter.  See February 27, 2008 Order [Docket No. 110].[2]

Plaintiffs now state that "newly available" evidence is available in this case which justifies amendment of our entry of judgment, and upon which they should be permitted

---

[2] We are dismayed by Plaintiffs' several remarks in the briefing on this motion that the Court precipitously and inconsiderately handed down its order on the motion to dismiss "without warning" in the middle of the parties' mediation discussions.  No request was forthcoming from the parties at any point to stay a ruling pending mediation and it is presumptuous for counsel to suggest that the Court is under some obligation to provide a forewarning that we are about to rule on a pending motion.  To suggest that the Court was at fault for some lack of prescience in divining the precise status of the parties' ongoing litigation activities is a complaint we cannot take seriously.

to amend their complaint. Specifically, Plaintiffs reference previously-sealed documents released in a related products liability multi-district litigation in Minnesota District Court, In re Guidant Corp. Implantable Defibrillators Products Liability Litig., MDL No. 05-1706 (D. Minn.). Though the parties dispute when such documents actually became available to the public, Plaintiffs contend that the documents were released in October 2007, and that they could not be obtained and fully analyzed by Plaintiffs until now.

*Timeliness of Plaintiffs' Motion*[3]

A motion to amend judgment pursuant to Rule 59(e) "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e); see also Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006). This ten-day time period excludes weekends and holidays pursuant to the provisions of Fed. R. Civ. P. 6(a). See Rice v. Palisades Acquisition XVI, LLC, 2008 WL 538921, at *2 (N.D. Ill. Feb. 25, 2008). Further, Rule 6(d), which adds three days to the allowable time period for response to certain served documents, is inapplicable for the time period permitted for Rule 59(e) motions. FHC Equities, LLC v. MBL Life Assurance Corp., 188 F.3d 678, 681-83 (6th Cir. 1999). This filing period is a mandatory jurisdictional requirement and not be altered or waived by a district court. Id. at 683; McNabola v. Chicago Transit Auth., 10 F.3d 501, 520-21 (7th Cir. 1993); Bailey v. Sharp, 782 F.3d 1366, 1367-70 (7th Cir. 1986); Sanders v. Clemco Industries, 862 F.2d 161, 168 (8th Cir. 1988) ("[I]f [a Rule

---

[3] We note that the timeliness of Plaintiffs' motion was not raised as an issue by Defendants; rather, we raise the issue *sua sponte*.

59(e)] motion is untimely made, beyond the ten-day period, the district court loses jurisdiction over that motion and any ruling upon it becomes a nullity.").

In the case at bar, final judgment was entered on February 27, 2008. Excluding intermediate weekends, the ten-day time period for filing a Rule 59(e) motion would have elapsed on March 12, 2008. Plaintiffs' motion was not filed until March 13, 2008 – eleven days after the entry of judgment. Despite Plaintiffs' assertions that their motion was filed "within 10 business days of the February 27 order" (Pls.' Mem. at 8), by our calculation Plaintiffs' motion is untimely. Therefore, it must be <u>DENIED</u>.[4]  IT IS SO ORDERED.

Date: _____05/09/08                            _____
                                                 SARAH EVANS BARKER, JUDGE
                                                 United States District Court
Copies to:                                       Southern District of Indiana

Mary K. Blasy
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
maryb@lerachlaw.com

Jeffrey C. Block
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109

---

[4] Because final judgment stands, Plaintiffs' request for permission to file an amended consolidated complaint pursuant to Rule 15(a) is accordingly <u>DENIED</u> as well. See <u>Figgie Int'l, Inc. v. Miller</u>, 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well-settled that after a final judgment, a plaintiff may amend a complaint under [Rule] 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated.").

Willie Charles Briscoe
PROVOST & UMPHREY LAW FIRM LLP
provost_dallas@yahoo.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY & MORTON- Lebanon
jbuddenbaum@parrlaw.com

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
keggleton@wsgr.com

Boris Feldman
WILSON SONSINI GOODRICH & ROSATI
boris.feldman@wsgr.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

James H. Ham III
BAKER & DANIELS
jhham@bakerd.com

Geoffrey M. Johnson
SCOTT + SCOTT LLC
gjohnson@scott-scott.com

Beth A. Kaswan
SCOTT & SCOTT, LLP
bkaswan@scott-scott.com

Elton Joe Kendall
PROVOST UMPHREY LAW FIRM LLP
provost_dallas@yahoo.com

Meredith E. Kotler
WILSON SONSINI GOODRICH & ROSATI
mkotler@wsgr.com

William S. Lerach

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Nina F. Locker
WILSON SONSINI GOODRICH & ROSATI
nlocker@wsgr.com

Anthony W. Patterson
PARR RICHEY OBREMSKEY & MORTON
tpatterson@parrlaw.com

Charles J. Piven
LAW OFFICE OF CHARLES J. PIVEN
piven@pivenlaw.com

Darren J. Robbins
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
e_file_sd@csgrr.com

Neil Rothstein
SCOTT & SCOTT
108 Norwich Ave
Colchester, CT 06415

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

David R. Scott
SCOTT + SCOTT LLC
drscott@scott-scott.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Arthur L. Shingler III
SCOTT + SCOTT LLC
ashingler@scott-scott.com

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Blvd.
Mineola, NY 11501

Leslie R Stern
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109

Bryan A Wood
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109

Denise V. Zamore
SCOTT & SCOTT LLC
drscott@scott-scott.com